Good morning, Your Honors. May it please the Court. My name is Kevin Leichter and I'm here to represent Gary Hewitt, who's in the courtroom, in the case before the Court. Let me begin with this. People make mistakes. Mistakes. I've made plenty. I'm sure everybody in this courtroom has made plenty. There are mistakes on the books of the law in this country. We have many of them. The real question today is whether people will own up to their mistakes and whether they will do what's necessary to correct them, or whether, in the alternative, as the FTC would have it, they will continue to perpetuate and augment and add to their mistakes. The Supreme Court was... I'm sorry. Well, it's an interesting way to start your argument, but isn't really the issue the District Court's analysis of the various provisions in Rule 60B, and what are the standards for setting aside a judgment, avoiding a judgment? Those are issues, but most fundamentally, the issue here, the core issue, is whether or not this judgment can continue to be executed. Well, except let's, you know, I understand your passion, but there are lots of instances where the Supreme Court changes the law, but somebody who was convicted and sentenced to death under the previous law nonetheless remains under a sentence of death. For example, so when the Supreme Court decided that juries had to find aggravating factors, it said, gee, if a judge found it in a case ten years ago, even though that is now unconstitutional, tough luck, defendant, you'll still be executed. So the question, the legal question, as opposed to the passionate question in this case, is how do you fall within either Rule 60B-4, 5, or 6? I disagree with that. Well, but so... I will answer it. You're entitled to disagree. No. But it would help me if you would tell me why one of those three rules entitle you to relief. Your Honor, to the extent that the rules are inconsistent with the Constitution of the United States, they must fall. So your position – well, so what was done here that was unconstitutional? What was done, Your Honor, was this. This is – and I'm sorry, I want to answer the other part of your question before this. The Supreme Court has been very, very clear that when it makes a substantive rule and pronounces that rule, and it's a new substantive rule, that will apply to cases, even habeas cases on collateral attack. Cases that are pending. This is... Cases that are pending, not cases that have been closed for a decade. There are interest in finality. Habeas applies when a substantive rule... God, I wish that were the case. I wish you were right about that, because I would have had a lot of clients who would now be out of jail. I can't imagine that the right to have a jury decide whether or not you should be sentenced to death isn't a substantive rule. I... But the Supreme Court refused to apply it retroactively. Well, the Supreme Court actually – I mean, I think it did reach that – I don't have the case cited, but... Okay, but look, first of all, here's my difficulty with your arguments. Let me – I know you want to say things, but you need to convince me, so let me tell you what you need to convince me of. What the Supreme Court held in this case was the FTC didn't have the statutory authority to impose equitable damages as part of its case. True. And the district court lacked any authority to award – to make that award. Statutory authority. We're not dealing with a violation of the Constitution. We're dealing with an absence of statutory authority. There's no suggestion in this case that there's been a denial of due process of law or anything else. Your client decided not to appeal. He could have appealed. So tell me a case that you found in which the court said a district court acted in excess of its – a district court's order was more than the statute allowed. Because in this case, the court, even under your view, was surely entitled to issue an injunction. Yes? The district court was entitled to issue an injunction of relief. So it had subject matter jurisdiction over the case. Yes? It had subject matter jurisdiction over the case. Okay. So it had subject matter jurisdiction over the case, but it exceeded its statutory authority in opposing equitable damages. That's what the Supreme Court said in the underlying – in the next case. And that's what you're contending here. You're right. The district court did not have the statutory authority under this provision of the FTC – forget whether it might have had it under another one – to impose equitable damages. So what I'm looking for is a case – and I can't find one – where we've used the Supreme Court's subsequent interpretation of a statute as a basis for granting Rule 60 relief. It becomes a – there is a contention of due process in this case, and our brief makes it clear that the due process violation occurred in the district court on this motion that's on appeal here today, the motion to vacate the judgment. And that's where due process comes in. Because this – let me make one thing very clear. This judgment has prospective application. It has prospective and immediate application. First of all, it has application to the life of Gary Hewitt, who has no credit and won't because of this judgment against him. He can't do all the normal things that citizens of the United States are entitled to do when they go about trying to build a life. He can't borrow money. He can't buy a house. He can't lease a car. He can't do any of this because there's a judgment for half a billion dollars against him. And that – what you're arguing is that the judgment has some impact going forward. It does. As every single judgment does. But our case law describes a standard for saying that a judgment has prospective application. It has to be executory. It has to control conduct. And what is executory beyond a writ of execution? And that is what we are talking about here. Because the government has the power on the basis of the current judgment, which is, according to AMG, in violation of the powers of both the government and the judiciary to award in the first place. The government would like to continue to attack this citizen on the basis of a judgment that it knows is faulty. And a writ of execution is what I'm talking about. The district judge, at some point in the future, prospectively, will be asked on this judgment – it's the only thing you can do on a judgment – to allow it to be executed. And that will be a judicial act. And that act will be in direct contravention to what the Supreme Court has said is appropriate. The Supreme Court said you don't have the power to enter the judgment in the first place. How can there be power to continue to enforce it? Why won't the judiciary recognize that what happened so long ago, it was wrong? People do have to admit their mistakes. And this is an instance where the government must admit its mistake and where the judiciary must admit its mistake, at a minimum, to the extent that this judgment will go forward. Right now, we're not talking about return of the $2 million, everything he had that was taken on execution and through the bankruptcy he had to file. It was all gone. His house, he doesn't have it anymore. It was sold to satisfy this debt, which the Supreme Court said was wrong from the beginning. And to say that this is not a due process issue is wrong. Now, I'd like to address something that the Court said about the rules, the question earlier about the rules. Let's remember what the Rules Enabling Act did. It said we're going to have federal rules of civil procedure, and they're not going to change the fundamental character of the law. They're just procedural rules. And there was an attempt in Rule 60 to try to embody some ancient principles of law. Principles like, well, if something is void, we're not going to continue to allow it to exist, if it's void, if it's wrong. And the equitable principle that if equity is not going to continue to be done by some act of the Court, it's going to be fixed. And this catch-all idea in 60b-6, that if there's some reason why it shouldn't, there's some reason why we shouldn't be going forward with this, then let's fix that. This is all expressed in the rules. And yet the way that the rules are applied with these tests, and in particular the way that the district court applied them below, was to turn them on their head. Because in the face of a decision that said it should never have happened, if this case had, the final judgment hadn't been entered, there's no doubt that AMG would have caused it, and this never would have happened. It's only a matter of timing. It's only because of the discretionary nature of judicial review in the Supreme Court, and because Mr. Hewitt did not have the ability to appeal, that it never got decided. It's not exactly just a matter of timing, right? So the argument that was advanced, that ultimately prevailed at the Supreme Court, was fully available to Mr. Hewitt. Of course. And yet he didn't pursue it. Of course. So the district court did not violate Ninth Circuit precedent, or even the precedent of most of the circuits at the time. But he could have appealed at the time and advanced that argument, and perhaps the Supreme Court would have accepted it a decade earlier. I understand. And to rephrase that, and with respect to the court, that's a too bad, Mr. Hewitt. It's your mistake that we're talking about here, so live with it. But no, it's not. It's not so much that. It's that there are standards and rules under which the district court could set aside the judgment. And so whether you like it or not, you have to sort of pigeonhole them into Rule 60B, 4, 5, or 6. I'm speaking to what those rules should be. And I'll say this. If you look, there's no—let me say this. So we're to rewrite the rules? Doesn't Congress do that? No. Under the Rules Enabling Act, they're only supposed to go so far. And it is the job of the judiciary to make sure that the rules are— We are to declare Rule 60 unconstitutional. No. If it's applied here to allow the government to do something that it has no power to do, that is as offensive as anything that could be imagined. Our government was designed—our nation was designed so that the government could only do limited things and so that it would be stopped and checked when it tried to abuse its power. This is an abuse of power. That's what AMG said. It said, this is wrong. The FTC had no right to take this money from this man. Now, they talk about Mr. Hewitt because he didn't have the wherewithal, like the billionaire in AMG, to appeal it, because he had to file bankruptcy upon entry to the judgment. And he didn't have the money to pursue appeals. This is all a result of the judgment. And to say it's his mistake and he should live with it is wrong, because even if it is his mistake, isn't the more important mistake the one that the government made and the one the judiciary made by exceeding their powers? There has to be a way to remedy this. And now going to the question of the standards in the case law, there is no Supreme Court case that directly applies Rule 60b-4 in this context. And if you look at the various dicta that come out, and this is in circuits as well, all that dicta is a tautology. Don't you have to rely on 60b-6? I can rely on all three. I know you rely on all three, but I'm asking you, don't you have to rely on 6? B-4 says the judgment was void or the court lacked jurisdiction. That's not the case here. The court had jurisdiction to enter this judgment at the time. It's not void. It may be attackable, it may be voidable, but it's not void. So tell me why, let's assume for a moment, I hate to interrupt the lecture, but let me do it anyway, that you've got to persuade me that this fits within Rule 60b-6. Tell me why this fits within Rule 60b-6. It fits within Rule 60b-6 because it is unjust to continue to allow execution on a judgment that is based upon an excess of government power, period. Never in the United States of America should one arm of the government help another arm of the government exercise power that it has no right to exercise, period, period. That is what the law should be in this nation. And with respect, in the two minutes I have, I'm not going to get a rebuttal because I have to say this. Your Honor, this test of voidness cannot be premised upon general jurisdictional statutes because surely Congress did not intend in general jurisdictional statutes to give power to the judiciary that it never gave them. And the AMG says the judiciary never got the power to enter this judgment. Never had it. And the way this statutory interpretation works is when the Supreme Court says what it says in AMG, it's saying this has always been the case. It's deciding what Congress's original intent was. And by deciding that in that fashion, the law has always been what AMG says, which means that what the district court did was incorrect and wrong. Now, nobody was badly intentioned here. Nobody. Nobody had bad intentions. But the result here is the destruction of a person's life based upon something that was not authorized. And this general jurisdictional statute cannot be the basis to say that, well, you know, the judgment was perfectly good because the court had jurisdiction. Well, you know, well-pleaded complaints can be raised and create jurisdiction just by saying it. You could say, and I pray in my relief, you know, my prayer for relief is that the defendant in a civil case be hanged by his neck until dead. You could put that in there and that court would have jurisdiction to adjudicate that, but would it have jurisdiction to go ahead and order a hanging of a civil defendant? No way. No way. As Justice, I think it was Judge Friendly said, jurisdiction is a many-hued term. And when you look at the case law, there's no case law that truly applies jurisdiction in 60B-4 here. They're all that tautology. That's why I keep asking you to focus on 60B-6 because the case law, I think, makes it pretty clear that what 60B-4 talks about is subject matter jurisdiction of the court, not the correctness of the order that it entered. And I don't think you can test that the district court in this case had subject matter jurisdiction to hear the FTC's complaint. The court's conclusion here, or the court's logic, is that just because the FTC pleaded it as part of a complaint that purported to arise under Federal law, that that gave the court power to do it? Well, actually, the complaint plainly arose under Federal law, and the court properly entered an injunction, at least because you never repealed it, against your client. So it had subject matter jurisdiction over the case. It may have issued a remedy that exceeded its statutory powers, but that's not a jurisdictional issue. So that's why I keep trying to push you to one of the other parts of 60, but if you want to stay with B-4, stay with B-4. I'll move off it with one last sentence. When a court exceeds its power and does that which it is not permitted to do, its acts should be void. Then your position is that every time a district court commits an error, you can get Rule 60B-4 relief without appealing because that court has necessarily exceeded its powers? My argument today doesn't have to go to every case. It has to go to the cases in which the government is the plaintiff. That's a major issue here. The government is the plaintiff. I understand that's a factor for me to think about in 60B-6, but is there any 60B-4 case that applies a different rule to the government as a plaintiff? No. Functionally there are no 60B-4 cases at the Supreme Court level that really interpret it. But there's lots of them elsewhere, and they deal with a court that either didn't have personal jurisdiction or didn't have subject matter jurisdiction. Personal jurisdiction is a very different thing from what I'm talking about here. It's subject matter jurisdiction. Yes, it is very different. It is a very different thing than what you're talking about, which is why I'm asking the question. A judgment, I think a judgment, you know, an issue of personal jurisdiction does not go to the power of the court to actually adjudicate what's going on. But 60B-4 does allow a court to give relief when it was determined that the original judgment was entered against somebody over it didn't have personal jurisdiction,  Sure. Or a default judgment where there was no proper service is void, right? We all know this. Because there's an absence of personal jurisdiction. No, because there's personal jurisdiction in this case, and there's subject matter jurisdiction. So I'm not going to convince you, but it seems to me, in my mind, 60B-4 is limited to those areas where the court didn't have the jurisdiction over the defendant or the case. And the other parts of 60 are meant to deal with different issues, which is why I keep trying to push you into those. But you resist. Well, no, I say, I respectfully disagree. I know you disagree. So let me say this. I think you're over time. You are like three minutes over time, which is a pretty significant amount of time. Thank you very much, Your Honors. Thank you. Mr. Hoffman. May it please the Court. I think Mr. Hewitt's only argument here, really, for reopening this case is that nine years after the judgment was entered, the Supreme Court changed the law. And that's simply not enough. When the Supreme Court issues a new statutory interpretation decision, as it did in AMG, that decision applies to cases that are still open on direct review, but it doesn't automatically provide a basis for reopening cases like this one that were fully adjudicated and closed years earlier. And the reason for that, as I think Judge Bate indicated, is because finality is very important to the law. At some point, litigation has to end, and the parties have to be bound by the results. Now, there are exceptions to the rule of finality, and they're set forth in Rule 60B. And I agree that the question here, the narrow question, is do any of the Rule 60B exceptions apply? So focus on 60B-6 for a moment. I was about to get there. Which it seems to me the relevant one. And 60B-6, is there any other, in effect, any other good reason? Right. Why isn't this a good reason? I would say this case is exactly like the Supreme Court's case in Gonzales v. Crosby. And that's a habeas case involving a denial of liberty. And the Supreme Court said a couple of things there. It said, first of all, although the decision may be incorrect under the law as we currently set it forth, it was apparently correct under the circuit's then-controlling interpretation. It was apparently correct at that time. Same thing here. Second, and then it said it's hardly extraordinary that we reached a different decision on appeal. I think, as you've indicated, the Supreme Court. But when you reach them on appeal, obviously they're applied to all cases on appeal. Correct, correct. If this were a case that were pending, if Mr. Hewitt had appealed this judgment, as you indicated, Judge Bates, the Supreme Court might have reached this issue 10 years earlier. But at the time that this judgment was entered, this court and every other court of appeals to issue the decision, I think it was eight that reached this issue, all held that Section 13B authorized monetary relief. So the decision was apparently correct at the time it was issued. Let me ask you a question about, this is really a retroactivity issue in some ways, even though it's not, because it's not a habeas case, we don't sort of look at it that way. Are there civil instances, put habeas aside, I understand habeas is technically civil, where a court, the Supreme Court's reached a new decision and then courts below have applied it through Rule 60 to close judgments? I'm not aware of, well. I asked that question. It's not a trick question. I was trying to find some. You're saying outside the habeas context. I mean, I can tell you the kind of thing that the Supreme Court has said was sufficient to reopen something under 60B-6, and that's in the Buck case. I don't have the site handy right now. So, I mean, that is a death penalty case. The defendant was sentenced to death where. Yeah, and I was trying to look outside the criminal context. Because, frankly, I think the habeas retroactivity stuff is sui generis. Right. I agree with that. I can't point you to a case comparable to this one, a non-habeas case involving a change in the law, so I'm relying on the general principles set forth. Although I would say that, you know, the restrictions that Mr. Hewitt is under, I mean, the restriction that he's under is to pay back the money that was taken from consumers. You know, as you pointed out, we have many cases, there are many cases in which people are, there are criminal cases, people's liberty is being affected, and we still apply the same standards set forth in Rule 60B to see if they're there. I read the original complaint in this, and I was wondering, could you have pursued this under the telemarketing sales rule? So we could and did pursue it under the telemarketing sales rule. And would an equitable money judgment have been permissible under that rule? Yes. I mean, the answer is, everything that is a violation of Section 5 in this act was also a violation of the telemarketing sales rule, which essentially adds the element that you have to do this, you know, using the telephone, which these are all telemarketing issues. And so, you know, if we were bringing this case today, we would bring the same case, and we would seek the same relief under Rule Section 19A1, which authorizes monetary relief necessary to address consumer injury. And that's something the district court looked at here. Again, I don't think you need to reach the Section 19 issue, because I think this case is just like Gonzalez, but certainly . . . I think it's just Rule 60B6 analysis that this isn't an extraordinary case because you could just reach the same result under Section 19. But it doesn't seem that the same quantum of relief would be available. I mean, here it's on nearly $500 million. Does that matter? What amount could have been recovered under Section 19? Is it fair, or did the district court abuse its discretion by concluding that we could reach the same result, if you really could reach the same result? I don't . . . I mean, it's conceivable that there could be a different quantum of relief under Section 19, although, as I said, all the conduct would violate Section 19. There's a three-year statute of limitations. I don't know. I mean, my understanding is that the conduct at issue here was within that statute of limitations, so it might be that there is no difference in the quantum. But hypothetically, if there is a difference, I don't think what the district court said here is . . . it would necessarily be exactly the same result. It said, as one of the factors, considering all of the relevant factors, we would come to the same or a substantially similar result. It would certainly be . . . there would certainly be a very, very large . . . That's something the district court's entitled to consider in a Rule 60b6 motion, in other words, to say, well, maybe I lack the statutory power to do what I did, but I probably could have done the same thing anyway, under a different provision, and so I don't view this as an extraordinary case requiring relief. So my answer is I believe that it is something the court can consider, and this court had made clear, and the court cited this language, that the court's supposed to consider all relevant circumstances, and there isn't a fixed and rigid test. So I don't think it was inappropriate for the court to consider the Rule 19 issue. That said, I don't think you need to reach it, because as I said, I think this case is . . . Let me tell you why I asked the question. Well, let me ask a preliminary question. Could the district court . . . If the district court had granted Rule 60b6 relief in this case, would it have abused its discretion? I believe it would have. Because if it wouldn't have, I guess I'm left with the question of whether or not I can . . . Yeah. . . . reach the 60b6 issue in our discretion. Again, you know, I think that going back to Gonzales, and I didn't get to finish Gonzales. Let me go through the two things that the court looked at there. One was that the law was, you know, it was apparently correct under the existing case law, and the court said, the fact that we later reached a contrary result is hardly extraordinary. And then it said, the other thing that makes this not an extraordinary case is that the defendant didn't appeal, wasn't diligent in pursuing remedies. And again, that's just like this case. So here we have a defendant, you know, a defendant who, you know, the case was correct under the law as it was decided, you know, as far as anyone knew. And a defendant who didn't appeal, and the Supreme Court's been very clear that Rule 60b is not a substitute for appeal. And, you know, that in and of itself, and nothing else, nothing else that he's pointed to, none of the other factors that this court has looked at does he rely on. And as we pointed out, those other factors, such as the delay in the length of time here, you know, those other factors don't support his case. Given nothing else, I believe it would have been an abuse of discretion for the court to grant relief here. What happens to any money that's collected under this judgment? We intend to distribute it to consumers. Is that required by law? Is it just within your discretion? So the judgment in this case was entered prior to the Supreme Court's decision in lieu, which called into question the authority to disgorge money to the Treasury when we can't distribute it. Yeah, and that's why I'm asking. Because you wouldn't have, in this case, you won't collect any money until after lieu. Well, I mean, right. I mean, we've been collecting money. We've collected a very small amount because Mr. Hewitt's been fighting tooth and nail. We collected some of the bankruptcy proceedings. There is reason to believe that he has additional assets, possibly. No, yeah, and I'm not worried about it. I'm just asking. I'm trying to figure out how the Supreme Court's recent decisions affect your ability to give money to consumers. So the answer is, whether or not we're entitled to, whether or not under this judgment we're able to give money to the government, our intention is to return money to consumers as soon as it's feasible to do so. I mean, the problem is that we only have a very small amount of it that we've collected and we're continuing to try to collect it. But at some point, we'll make the determination to return it to consumers. Does it make a difference under the equitable weighing in 60 v. 6 that there's some question about whether you can return it to consumers? In other words, the equities would seem to me to weigh highly in favor of collecting the judgment if the injured parties were going to get recompense. They may not be as strong if the money just goes into the Treasury. I mean, I'm not sure that that was an issue that was argued... It wasn't. Well, I'm creative. Right. I mean, all I can tell you is that our intention is, you know, our intention is to distribute this money. I can't tell you, you know, that it's going to happen tomorrow. And to some extent, it's a question of when Mr. Hewitt is willing to cooperate and pay what he has. But... And then there are other defendants as well, so this is not just Mr. Hewitt. Has this issue come up in any other circuit? The Rule 60... Yeah, Rule 60, motion citing AMG. I know we have a case pending in the Fourth Circuit. I couldn't find reported decisions. I don't think there's a reported decision on it. I mean, yes, there are a number of these cases that are pending. I know I briefed one in the Fourth Circuit. But so far as you know, there's no precedential or even non-precedential opinion in any other circuit dealing with this. I don't believe so, and if I'm wrong about that, I will let the court know. Would you please? Yes. Again, this is not meant to be a trick question. We can find any. I mean, again, this is an issue that, as you would expect, has come up in many cases. There are a number of district court cases where Rule 60b relief has been denied on grounds similar to those at issue here. And I guess my follow-up question to that,  in which Rule 60b relief has been granted? I am not, Your Honor. Based on the AMG argument, no, I am not. I think I've covered Rule 60b-6. Do you have questions about 60b-4 or 60b-5? I don't. I have one question, or maybe it will be more than one question. Your friend argues that the judgment has perspective effect because it was entered as an equitable part of the judgment. And he states that the district court retained jurisdiction and then would sign the writ at the conclusion, which means that this has perspective effect. How do you respond to that? I think the case law is pretty clear that perspective relief refers to things that have an ongoing conduct effect, like a behavioral injunction. So if, for example, Mr. Hewitt believed that the restrictions on his conduct set forth in the injunction were no longer equitable, or alternatively, if the FTC believed that he was violating the injunction and additional restrictions were necessary, that's the kind of thing that his perspective in nature and that Rule 60b-5 deals with. A monetary judgment, regardless of whether it's legal or equitable in nature, is retrospective relief. Indeed, that's the basis for the decision in AMG. So Rule 60b-5 simply doesn't apply to retrospective money judgments. And the fact that there are continuing consequences is not enough. And the court's case in Maserati, I think, is very clear about that. It says every judgment, even a money judgment, has continuing consequences. Does perspective mean equitable? No. So AMG really doesn't answer the issue, does it? No, AMG says you have the ability to enter equitable relief, but not damages. But that doesn't mean that damages are not perspective. No, it doesn't say that. What AMG says, I think, is that the statute refers to a permanent injunction, and an injunction is a prospective remedy. It doesn't include equitable monetary relief, even though that relief, the court's held in other cases, may be available in equity. That's what the court dealt with in lieu. So the question here is, is it prospective relief? And the type of situation, I can't think of a legal situation, but there might be some involving, like, CERCLA and things like that. But typically... For each future violation, you're sanctified. Right, things that restrict your conduct going forward. And that's the kind of thing that can be addressed. I'm happy to address further questions, but otherwise we would ask that the decision below be affirmed. Great, thank you. All right, thank you. The case is submitted. All rise. Thank you. This court for this session stands adjourned.
judges: O'SCANNLAIN, HURWITZ, BADE